## In re KLATZKIE.

(Supreme Court, Appellate Division, First Department. January 6, 1911.)

ATTORNEY AND CLIENT (§ 39*)—DISBARMENT—MISCONDUCT—FELONY.

 . Where an attorney, who agreed to pay the expenses of an action by a client and to prosecute the action for a contingent fee, gave false testimony on the trial on a matter believed by him to be material and helpful to his client, he was guilty of official misconduct and of a felony, justifying his disbarment, irrespective of the question whether his view of the law as to the effect of his testimony was correct.

 [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 52; Dec. Dig. § 39.*]

Proceedings to disbar Isadore Klatzkie, an attorney. Judgment of disbarment.

See 137 App. Div. 949, 123 N. Y. Supp. 1124.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Einar Chrystie, for petitioner.
Nathan B. Chadsey, for respondent.

SCOTT, J. The charge against this attorney is that he was guilty of willful false swearing in his testimony in a Municipal Court in behalf of a client.

He was attorney for one Bishop, who had been janitor of a public school, who was dismissed on charges. Pending the hearing of the charges, Bishop had been suspended without pay by the acting president of the board of education who sent Bishop a letter of suspen-

sion dated August 5, 1909. This action by the acting president was ratified by the board of education on September 22, 1909. After Bishop's removal, on November 10, 1909, he began an action, by respondent as his attorney, in the Municipal Court for the salary which had been withheld during the period of his suspension. In this action it became material, or, at least, respondent deemed that it was material, to show that Bishop's suspension had been made, or attempted to be made, by some person who had no authority to suspend an employé of the board, and he accordingly presented himself as a witness and testified as follows:

"I am the attorney for the plaintiff. On October 15, 1909, I was present before the committee on the care of buildings, of which Thomas J. Higgins is chairman. I had a conversation with Thomas J. Higgins at that time in the hall of the board of education, in which Mr. Higgins told me that he had sent a letter to Mr. Bishop, over his own signature, suspending him without pay, and that because of that fact he is not entitled to any money, as he thought. It was at that time that I made my demand for the money claimed herein."

This testimony was satisfactorily, and indeed conclusively, shown to have been false, in so far as concerns the statement that Mr. Higgins had told respondent that he (Higgins) had sent a letter to Bishop, over his own signature, suspending him. Higgins never had sent such a letter, and never told respondent that he had sent it. The importance and materiality of the evidence, from the respondent's point of view, lies in the fact that as no authority appeared to be vested in Higgins to suspend, if he had attempted to suspend Bishop, his act would have been void, and Bishop would have been entitled to recover salary during the period of attempted suspension. It is immaterial whether respondent's view of the law was correct or not; the important fact being that he testified falsely, believing that his evidence was material and would be helpful to his client.

The respondent's offense is accentuated by the fact that he had agreed to pay all the expenses of Bishop's action against the board of education, and that his compensation for his services was, by agreement with Bishop, contingent upon the success of the action. Some attempt was made to befog the issue by showing, by the testimony of Bishop, that the letter of suspension received by him was in fact signed by Mr. Higgins. Not only was this wholly immaterial to the charge against the respondent, but the attempt to make the proof totally failed, and left Bishop also convicted of false swearing.

The official referee has found that the charge against the respondent has been sustained, and a reading of the evidence convinces us that no other finding could have been made. Indeed, the respondent did not even appear as a witness before the official referee to defend himself against the charges, which accused him, not only of official misconduct as an attorney, but of the commission of a felony. His defense, as outlined in the brief filed in his behalf, deals only with the supposed weakness of the evidence against him, which is strong enough to convince us, as well as the referee, and with the suggestion that the proceeding against him is inspired by the malice of some one, of which we find no evidence.

The respondent has been clearly shown to have been guilty of deliberate false swearing, and of being wholly oblivious of the duties and obligations resting upon an attorney. He is certainly unfit to remain a member of the bar, and must be disbarred. All concur.